The document below is hereby signed.

Signed: August 11, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | Case No. 07-00662 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING MOTION
FOR NEW HEARING FOR ORDER MODIFYING AUTOMATIC STAY

This addresses the Motion (Dkt. No. 157) for New Hearing for Order Modifying Automatic Stay filed by the debtor, Martha A Akers.  For the following reasons, the motion must be denied.

I

Akers's confirmed plan in this case (Dkt. No. 53) required her to maintain postpetition payments directly with respect to the claim of Beal Bank.  She failed to make certain postpetition payments to Beal Bank.  As a result, Beal Bank filed a motion for relief from the automatic stay (Dkt. No. 95), and at the hearing on the motion, Akers consented to the entry of an order requiring Akers to cure over a ten-month period her default in making postpetition monthly mortgage payments, and requiring her to remain current on future monthly mortgage payments, if the

automatic stay was to remain in effect with respect to efforts by Beal Bank to foreclose its mortgage (a deed of trust).  That order (Dkt. No. 125) was entered on May 5, 2009.  On May 26, 2009, Akers filed a motion to reconsider that order, and on May 28, 2009, she filed an amended motion to reconsider (Dkt. No. 134).  At a hearing of June 25, 2009, the court issued an oral opinion ruling that the amended motion for reconsideration must be denied.  On June 30, 2009, the court entered its order (Dkt. No. 148) denying Akers's amended motion for reconsideration.  On July 15, 2009, Akers filed her motion (Dkt. No. 157) seeking a new hearing regarding the order modifying the automatic stay with respect to Beal Bank.

                                    II

Akers's motion contends that there is equity in her property, and thus that reimposing the automatic stay would not harm Beal Bank.  But Akers's confirmed plan required her to maintain postpetition payments directly to Beal Bank, and her failure to make postpetition payments thus constituted cause for modifying the automatic stay.  Akers's motion for a new hearing does not dispute that she failed postpetition to make certain monthly mortgage payments to Beal Bank.

                                    III

As in the case of her earlier amended motion to reconsider, the motion for new hearing alludes to a pending civil action in

the District Court in which Akers seeks to recover damages from Beal Bank for breach of contract and torts.  In addition, the motion for new hearing elaborates upon the grounds upon which she thinks that she is entitled to make recovery from Beal Bank, or that Beal Bank has overstated the amount that it is owed.  She contends that the amount she is entitled to recover from Beal Bank exceeds the principal that was owed to Beal Bank.  In denying the debtor's amended motion for reconsideration, the court ruled that the order modifying the automatic stay left of the debtor free to pursue her non-bankruptcy law remedies for obtaining an injunction against any foreclosure efforts by Beal Bank.  The court ruled that a hearing on a motion for relief from the automatic stay is a summary proceeding which does not address such defenses to the secured claim as the setoff defense that the debtor attempts to assert.  Instead, that type of issue ought to be pursued in a plenary proceeding (such as a civil action in the District Court or an adversary proceeding in this court).  Such a plenary proceeding must be commenced by the filing of a complaint.  If a temporary restraining order or a preliminary injunction is sought, the motion for such relief filed in the plenary proceeding must comply with the rules of procedure applicable to such a motion.

    The reasoning the court applied to the amended motion for reconsideration applies as well to the motion for new hearing.

Beal Bank was entitled to modification of the automatic stay based on the debtor's defaults in making postpetition mortgage payments, and if the debtor wishes to assert a non-bankruptcy law reason for preventing Beal Bank from proceeding with foreclosure, she must proceed by way of a plenary proceeding in a court of competent jurisdiction.

                                IV

In accordance with the foregoing, it is

ORDERED that the Motion for New Hearing for Order Modifying Automatic Stay (Dkt. No. 157) is DENIED.

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Kevin Feig, Esquire.